DANIEL P. RHOADES *vs.* FRANK M. COTTON.

Somerset.    Opinion June 18, 1897.

*Sales.    Delay to Deliver.    Action.    Practice.*

When it appears in a case submitted to the law court upon a motion for a new trial and exceptions to the rulings of the presiding justice, that on the undisputed facts the action cannot be maintained, *held* ; that it is unnecessary to consider further either the motion or the exceptions.

The defendant gave a written order, April 28, 1897, at Waterville, to the plaintiffs' traveling agent for certain merchandise to be shipped immediately. The plaintiff received the order at Syracuse, N. Y., on May 1. The defendant stated to the salesman, at the time he gave the order, that he must have certain flags named in the order in season for Memorial day. The other goods were adapted to campaign purposes and for the Fourth of July. The plaintiff delivered on May 18 the goods described in the order to the railroad at Syracuse, properly boxed and directed to the defendant at Water-

ville, where they arrived by freight on June 1st or 2nd. On May 28, and as soon as the goods arrived, the defendant countermanded the order, refused to receive the goods, and they were there shipped back. The plaintiff declined to take back the goods and brought an action. *Held* ; that the delay in not shipping the goods until May 18, under the circumstances, was unreasonable and that the action cannot be maintained.

ON MOTION AND EXCEPTIONS BY PLAINTIFF. ·

This was an action of assumpsit, writ dated August 6, 1896. The writ contains two counts ; one for goods sold and delivered ; and one for not accepting the goods sold. And also for goods bargained and sold.

The plea was the general issue, and brief statement as follows : And for a brief statement of special matter of defense to be used under the general issue pleaded, the said defendant further says : That the alleged causes of action set forth in plaintiff's writ arose out of an express written contract, the terms of which have not been complied with by plaintiff so as to entitle him to recover in this action.

The verdict was for the defendant.

The plaintiff took exceptions to the charge of the presiding justice as follows :

(1) "In this case, here is a contention between the parties as to whether this common carrier, which is the railroad, was the agent of Rhoades, in Syracuse, or the agent of this defendant. If the defendant by his contract and order with Rhoades understood that they were to be delivered to a common carrier, and if Rhoades understood that they were to be delivered by him and that it was his duty only to deliver them to the common carrier, then I instruct you that when they were so delivered to the common carrier, the title passed and vested in this defendant."

(2) "Now I instruct you that the mere fact that a seller delivers goods which are ordered, to a common carrier, when there is no contract, other than to send the goods, is not a delivery such as to vest the title in the purchaser. I make a square ruling on that, and if I am wrong, the party aggrieved will have his rights."

The bill of exceptions is reported with a full copy of the charge of the presiding justice, but the motion for a new trial was not accompanied with a full report of all the testimony.

The case is stated in the opinion.

*Edmund F. and Appleton Webb,* for plaintiff.

Counsel argued that the railroad company was the agent of the defendant and not of the plaintiff, and cited: Benj. Sales, p. 793; *Magruder* v. *Gage,* 33 Md. 344 (3 Am. Rep. 180); *Dutton* v. *Solomon,* 3 B. & P. 582; *Dunlop* v. *Lambert,* 6 Clark & Fin. 600; *Sarbecker* v. *State,* 65 Wis. 171 (56 Am. Rep. 626); *Com.* v. *Farnum,* 114 Mass. 267; Benj. Sales, § 675.

The jury rendered a verdict against the charge of the court, and against the admitted evidence of the defendant.

*Harvey D. Eaton,* for defendant.

Delivery to carrier is not delivery to purchaser: *Hanson* v. *Armitage,* 5 B. & Ald. 557; *Acebal* v. *Levy,* 10 Bing. 376; *Coombs* v. *Bristol & Exeter Ry. Co.,* 3 H. & N. 510; *Cusack* v. *Robinson,* 1 B. & S. 299, *Coates* v. *Chaplin,* 3 Q. B. 483.

SITTING: PETERS, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, JJ.

SAVAGE, J. On April 28, 1897, the defendant gave a written order to the traveling salesman of the plaintiff, at Waterville, for certain merchandise. The order contained the direction to ship "immediately." The plaintiff received the order at Syracuse, N. Y., where his place of business was, about May 1. On May 18, the plaintiff delivered the goods described in the order to a railroad company at said Syracuse, properly boxed and directed to the defendant at Waterville. The goods reached Waterville, by freight, on June 1 or 2. When the defendant gave the order he told the salesman he must have certain flags referred to in the order in season for Memorial day. The remainder of the goods "were adapted to campaign purposes and for the Fourth of July." On May 28, the defendant wrote to the plaintiff countermanding the order, and on June 1 or 2, as soon as the goods reached Water-

ville, the defendant refused to receive the goods and ordered them returned to the plaintiff, and they were shipped back. Plaintiff declined to receive the goods back, and insists on holding the defendant to his contract under the order.

Plaintiff's declaration is in assumpsit for "goods sold and delivered;" for "goods bargained and sold;" and for "not accepting the goods sold." The verdict was for the defendant.

The case comes up on motion for a new trial, under which the plaintiff relies upon the ground that the verdict was "against law and the charge of the justice," and upon certain rulings of the presiding justice in his charge, as to the effect of the delivery of the goods by the plaintiff to the railroad company at Syracuse.

If upon the foregoing undisputed facts this action cannot be maintained, it becomes unnecessary to consider further either the motion or the exceptions. *Rockland* v. *Morrill*, 71 Maine, 455; *Mathews* v. *Fisk*, 64 Maine, 101.

The defendant contends that the shipment was not seasonable, and we think his contention must be sustained. The goods were to be shipped "immediately." The word "immediately" undoubtedly has a relative meaning and must be read in the light of surrounding circumstances. It was understood that the defendant ordered a portion of the goods for use on Memorial day. They were not shipped until May 18, eighteen days after the receipt of the order, and did not reach Waterville until after Memorial day. It is the opinion of the court that the delay was unreasonable, and that the action cannot be maintained. *Fisher* v. *Boynton*, 87 Maine, 395.

*Motion and Exceptions overruled.*